# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| Pedro Turcios, | : |
| | : |
| Plaintiff, | : Case No. 1:14-cv-14197 |
| | : |
| v. | : |
| | : |
| Strauss, Factor, Laing & Lyons, | : |
| | : |
| Defendant. | : |

## COMPLAINT

Plaintiff, Pedro Turcios ("Plaintiff"), through his attorneys, alleges the following against Defendant, Strauss, Factor, Laing & Lyons ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court over Plaintiff's Complaint arises pursuant to 15 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

4. Defendant conducts business in the Commonwealth of Massachusetts, therefore personal jurisdiction is established.

## PARTIES

5. Plaintiff is a natural person residing in Chelsea, Essex County, Massachusetts

6. Plaintiff is obligated or allegedly obligated to pay a debt as that term is defined

by 15 U.S.C. 1692a(5) and, therefore, is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a debt collection law firm with an office in Providence, Rhode Island.

8. Defendant, in the ordinary course of business, regularly, on behalf of itself or others attempts to collect debts and, therefore, is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Defendant was assigned an account to collect funds from Plaintiff owed or allegedly owed to LVNV Funding, LLC for transactions made on a credit card for personal use. *See* collection letter dated January 11, 2013 attached as Exhibit A.

11. On January 11, 2014, Plaintiff, through a representative, informed Defendant that he was represented and explicitly instructed Defendant not to communicate with him but through his designated representative. *See* letter dated January 11, 2013 ("cease and desist letter"), attached hereto as Exhibit B.

12. The cease and desist letter was received by Defendant the same day. *See* fax confirmation, also attached hereto as Exhibit B.

13. Defendant was not permitted to communicate with Plaintiff directly about the debt after January 11, 2013.

14. Despite Plaintiff's written cease and desist letter, Defendant continued to communicate directly with Plaintiff in an attempt to collect the debt.

15. On March 29, 2013, Defendant sent a letter to Plaintiff to attempt to collect the debt ("collection letter"). *See* copy of March 29 collection letter, attached hereto as Exhibit C.

16. On August 6, 2013, Defendant sent a collection letter to Plaintiff. *See* copy of August 6 collection letter, attached hereto as Exhibit D.

17. On July 2, 2014, Defendant sent a collection letter to Plaintiff. *See* copy of July 2 collection letter, attached hereto as Exhibit E.

18. Defendant has repeatedly disregarded Plaintiff cease and desist letter and explicit instruction to communicate only with his designated representative in an effort to collect funds directly from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692c(a)(2) of the FDCPA by continuing to directly contact Plaintiff in an attempt to collect a debt despite knowing that Plaintiff was represented by an attorney.

    b. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass Plaintiff.

WHEREFORE, Plaintiff, Pedro Turcios, respectfully requests judgment be entered against Defendant, Strauss, Factor, Laing & Lyons for the following:

20. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

22. Any other relief that this Honorable Court deems appropriate.

                By:  /s/ David R. Jackowitz

                David R. Jackowitz,
                B.B.O. No. 567279
                Shaevel & Krems, LLP
                141 Tremont Street
                Boston, MA 02111
                Telephone: (617) 556-0244
                Fax: (617) 556-0284
                djackowitz@shaevelkrems.com
                Attorneys for Plaintiff

                Of counsel for Krohn & Moss, Ltd
                10 N. Dearborn St.
                3rd Floor
                Chicago, IL 60602